# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY JOHNSON, <br><br>　　　　Petitioner, <br><br>　　v. <br><br>G.J. GIURBINO, <br><br>　　　　Respondent. | 1:03-cv-06013-REC-TAG HC <br><br> ORDER DENYING MOTION FOR STAY OF PROCEEDINGS ON PETITION FOR WRIT OF HABEAS CORPUS <br><br> (Doc. 23) |

　　　　Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

　　　　On July 28, 2003, Petitioner filed the instant petition for writ of habeas corpus. (Doc. 1). On March 1, 2004, Respondent filed a motion to dismiss the petition on the grounds that it was filed beyond the one-year statute of limitations provided for in 28 U.S.C. § 2244(d). (Doc. 11). On August 26, 2004, the Magistrate Judge issued a Report and Recommendation to deny the motion to dismiss (Doc. 13). On November 8, 2004, the Report and Recommendation was adopted by the District Judge, who then ordered Respondent to file an answer. (Doc. 15). On December 28, 2004, Respondent filed an answer. (Doc. 18).

　　　　Approximately six months later, on May 12, 2005, Petitioner filed the instant motion requesting leave to exhaust claims in state court. (Doc. 23). As support for his request, Petitioner provided a chronology indicating that he had filed a habeas petition in the California Superior Court

on December 12, 2002, which was denied on January 31, 2003.  (Id.)  On March 27, 2003, Petitioner filed a habeas petition in the California Court of Appeal, which was denied on April 10, 2003.  (Id.). He then filed a habeas petition in the California Supreme Court on May 30, 2003.  (Id.).

Petitioner alleges his last state habeas petition was rejected by the California Supreme Court for lack of jurisdiction.  In support thereof, Petitioner appended to the instant motion a letter, purportedly from the Clerk of the California Supreme Court, indicating that his habeas petition had been filed beyond the statutory period for such filings, and that the court no longer had jurisdiction to consider it.  (Id., letter attachment).  Although the letter refers to events occurring in April and May 2003, the date on the letter is June 22, 1998.

## DISCUSSION

Traditionally, a district court has had the discretion to stay a petition which it may validly consider on the merits.  Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-88 (9th Cir. 1998); Greenawalt v. Stewart, 105 F.3d 1268, 1274 (9th Cir. 1997), *cert. denied*, 519 U.S. 1002 (1997).  However, the Ninth Circuit has held that Taylor in no way granted "district courts carte blanche to stay even fully exhausted habeas petitions."  Taylor, 134 F.3d at 988 n. 11. Granting a stay is appropriate where there is no intention on the part of the petitioner to delay or harass and in order to avoid piecemeal litigation.  Id.  In addition, the Ninth Circuit has indicated that it is proper for a district court, in its discretion, to hold a petition containing only exhausted claims in abeyance in order to permit the petitioner to return to state court to exhaust his state remedies.  Kelly v. Small, 315 F.3d 1063, 1070 (9th Cir. 2003); Taylor, 134 F.3d 981.

Notwithstanding the foregoing, until recently, federal case law continued to require that the district court dismiss "mixed" petitions containing both exhausted and unexhausted claims.  Rose v. Lundy, 455 U.S. 509 (1982).  However, on March 30, 2005, the United States Supreme Court decided Rhines v. Weber, --- U.S.---, 125 S.Ct. 1528 (2005).  Recognizing that "[a]s a result of the interplay between AEDPA's 1-year statute of limitations[1] and Lundy's dismissal requirement,

---

[1]The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA), 28 U.S.C. § 1244(d).

petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims," the Supreme Court held that federal courts may now issue "stay and abey" orders under appropriate circumstances to permit petitioners to exhaust unexhausted claims before proceeding with their federal petitions. Rhines, 125 S.Ct. at 1533-34. In so holding, the Supreme Court noted that, while the procedure should be "available only in limited circumstances," it "likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition *if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics*." Id. at 1535 (emphasis added). When a petitioner has met these requirements, his interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions. Id.

Thus, in addressing Petitioner's request for a stay to exhaust his state court remedies, this Court's task is to determine if Petitioner has met the three-part threshold set forth in Rhines: (1) Has Petitioner established good cause for his failure to exhaust? (2) Are Petitioner's unexhausted claims potentially meritorious? and (3) Has Petitioner engaged in intentionally dilatory tactics? Id. at 1535. Unless all three questions can be answered in the negative, it is unlikely that this case would be one of those "limited circumstances," referred to in Rhines, in which a stay of the proceedings is justified. Id. After carefully reviewing the record and Petitioner's motion, the Court concludes that Petitioner has not met the Rhines threshold.

First, Petitioner has not only failed to provide "good cause," he has failed to provide *any* cause for his failure to exhaust remedies in state court. Apart from the California Supreme Court letter indicating that his habeas petition was untimely filed in that court in 2003, Petitioner has provided no information whatsoever regarding the circumstances surrounding, or the reasons for, his failure to exhaust his remedies in state court.

Second, Petitioner has not identified the issues he seeks to exhaust. Apart from his assertion that there are such issues, Petitioner has not provided further information. Therefore, the Court is not in a position to determine whether these unidentified, unexhausted issues are "potentially meritorious."

Finally, it appears to the Court that Petitioner may be engaging in intentionally dilatory conduct. According to his own motion, Petitioner became aware, in May 2003, several months *before* he filed his federal habeas petition, that the California Supreme Court had rejected his habeas petition as untimely.[2] Nevertheless, Petitioner waited two full years before filing the instant request to exhaust. Petitioner's undue delay is compounded by the fact that, in the interim, Respondent has, in good faith, filed his answer to the petition and to those issues presently contained therein. Permitting Petitioner to return to state court in an effort to exhaust claims he has not identified would, in all likelihood, ultimately necessitate that Respondent file a new answer to address whatever new issues Petitioner chose to include in his amended petition.

Based on the foregoing, the Court concludes that Petitioner has failed to meet any of the three prongs of the showing required by Rhines. Therefore, the Petitioner's motion must be DENIED.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Petitioner's motion to stay the instant proceedings on his habeas petition and for leave to exhaust additional claims in State court (Doc. 23), is DENIED.

IT IS SO ORDERED.

**Dated:   September 29, 2005**                        **/s/ Theresa A. Goldner**
j6eb3d                                                                UNITED STATES MAGISTRATE JUDGE

---

[2] In this same vein, the Court cannot help but note that the "evidence" provided by Petitioner in the form of the letter from the Clerk of the California Supreme Court, is dated "June 22, 1998," almost five years *before* the events referred to in the letter itself. Thus, although an express finding as to the authenticity of this letter is unnecessary, given the discussion above, the Court nevertheless has some concerns in that regard.